## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-00169-PRW |
| | ) | |
| | ) | |
| STEPHON JAMAR DUNCAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Defendant, Stephon Jamar Duncan, filed an unopposed motion to continue the trial setting and to extend pretrial deadlines (Dkt. 28). Defendant asks this Court to continue the September 2021 trial to the Court's December 2021 trial docket and extend the current deadline to file any pretrial motions accordingly. The motion also states that the Government does not object to the requested extension.

Several reasons are given for the requested extension. Specifically, defense counsel asserts that it needs additional time to review discovery, which defense counsel states the Government is still in the process of producing. Defense counsel further states that it is pursuing information within the custody of third parties that bears directly on issues central to the disposition of this case.

The Speedy Trial Act gives the Court the discretion to "accommodate limited delays for case-specific needs."[1] Among the situations justifying a delay in bringing a

---

[1] *Zedner v. United States*, 547 U.S. 489, 499 (2006).

case to trial is when the granting of a continuance best serves the ends of justice.[2] One of the factors the Court is to consider in determining whether to grant an extension or continuance is the necessity to provide counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."[3]

Upon careful consideration of the Defendant's unopposed motion and the ends of justice, the Court finds that the need for a continuance outweighs the interests of the Defendant and the public in a speedy trial.[4] Specifically, the Court finds an extension is necessary to allow the parties to sufficiently conduct discovery and to allow defense counsel a reasonable amount of time to prepare their case in light of such discovery. The Court finds that denying counsel adequate time to prepare would result in a miscarriage of justice by denying counsel sufficient time to discharge his obligations. In making its findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and with precedent.[5] The Court expressly finds the denial of this motion would unreasonably deny Defendants the reasonable time necessary for effective preparation, taking into account due diligence by counsel. Further, no circumstance is present that would prohibit a continuance under § 3161(h)(7)(C). Therefore, the Court finds the

---

[2] 18 U.S.C. § 3161(h)(7)(A).

[3] 18 U.S.C. § 3161(h)(7)(B)(iv).

[4] 18 U.S.C. § 3161(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

[5] *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269.

2

period of delay caused by the granting of this motion is excludable for purposes of the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) (2012).

Accordingly, this Court hereby **GRANTS** the Motion (Dkt. 28) and **STRIKES** this case from the September 2021 trial docket and **RESETS** it on the Court's December 2021 trial docket. The deadline to file any pretrial motions is **EXTENDED** accordingly.

**IT IS SO ORDERED** this 6th day of August 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE